UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

Jonathan A. Winter,  
Charlie Q. Winter, and  
Rebecca E. Moore,

Civil Action No:  
**Jury Trial Demanded**

      Plaintiffs,  
  v.  
United Healthcare  
Oxford Health Plans LLC  
Oxford Health Insurance, Inc.,  
      Defendants.

COMPLAINT

1. Plaintiff, Jonathan Winter, is a resident of Stamford, Connecticut and is a participant and beneficiary in the health insurance plan (the "Plan") sponsored by St. Onge Steward Johnston & Reens LLC, Jonathan Winter's employer. Jonathan Winter is "primary" on the account. Charlie Winter and Rebecca Moore are respectively Jonathan's Son and Wife who are dependents and also participants in the Plan. The healthcare services described herein were provided in Connecticut. Jonathan and Rebecca are authorized as parents/guardians of Charlie to maintain this action on his behalf.

2. Defendants, United Healthcare, Oxford Health Plans LLC and Oxford Health Insurance, Inc. are a group of companies who are insurers who provides health insurance coverage and administers the Plan in Connecticut. Accordingly, there is personal jurisdiction in Connecticut and Venue is proper in Connecticut.

3. There is subject matter jurisdiction as this action arises under laws of the United States and there is supplemental jurisdiction over any state causes of action as they relate to the same or substantially same actions/facts.

4. The Plan is subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and is governed by the laws of the United States and the State of Connecticut.

5. On August 20, 2022, Plaintiff, Rebecca Moore, received medical services from Joni Stone for the delivery of a baby, Charlie Winter, and Charlie Winter and Rebecca subsequently received appropriate post birth care also from Joni Stone, which were covered under the Plan as an essential benefit pursuant to the Affordable Care Act (ACA), 42 U.S.C. § 18001 et seq.

6. Claims were timely submitted to Defendant for both Rebecca Moore and Charlie Winter for the services described in the previous paragraph.

7. Prior to the delivery, Plaintiffs applied for and obtained a letter from Defendant authorizing Joni Stone as an in-network provider (or to be covered in the same way as if she were an in network provider) for the medical services related to the delivery. Defendant's practices with births is that the authorization of the birth services necessarily authorizes post-natal care for the baby since the baby cannot exist at the time that authorization is requested and thus authorization cannot be requested in the name of a baby who does not yet exist.  Accordingly, the authorization letter requires Defendant cover both Rebecca and Charlie for all necessary and essential services relevant to the birth under the ACA.

8. Plaintiffs Jonathan and Rebecca previously went through this same process with their other child, Sophie Winter and also used Joni Stone as provider and at that time Defendant properly paid the claim after providing Jonathan and Rebecca with an authorization letter similar to or in relevant substance the same as the letter provided for Charlie in July 2022.  However, with Charlie Winter and substantially the same services provided and a prior authorization covering Joni Stone obtained, Defendant wrongfully refused to cover Ms. Stone as an in-network provider and instead wrongfully denied the in network claim.

9. Defendant wrongfully denied Plaintiff's claim for the medical services related to the delivery and post natal care, stating that Joni Stone was not an in-network provider, in violation of the ACA.

10. Plaintiffs relied on Defendant's promise as contained in the July 2022 letter that stated Joni Stone was approved to be covered as an in-network provider which approval extended to services rendered for both Rebecca and Charlie and Plaintiffs never received any communication from Defendant retracting or modifying that approval.

11. Plaintiffs incurred services with or otherwise incurred charges payable to Joni Stone relying on Defendant's promise that Joni Stone's services were APPROVED as stated in block letters in the July 2022 letter.

12. Joni Stone is a home birth mid wife and as a result of Rebecca and Jonathan's choice to use Joni Stone, Defendant has saved significant amounts of money compared to what Defendant would otherwise be required to pay had Rebecca given birth in a hospital.  As a result of Defendant tricking Rebecca and Jonathan by telling them the services associated with the birth of Charlie were APPROVED with Joni Stone only to later deny them, Defendant saved the expenses that would have been associated with Rebecca giving birth in a hospital and upon information and belief as a result of Defendant's misrepresentations and false promises Defendant has been unjustly enriched in an amount equal to at least what Defendant would have been required to pay a hospital and its associated providers in connection with an in hospital birth and associated post birth hospital stay and care for Charlie.

13. Plaintiffs have exhausted all processes within Defendant's internal claims processing including multiple telephone calls explaining the situation and a formal appeal to Defendant's appeals department, which was denied.

14. Plaintiffs were encouraged by a United Healthcare representative prior to submitting the appeal not to file a lawsuit and to do the appeals process by a representative of Defendant who indicated to Defendant that due to the letter in July 2022 with APPROVED and the subsequent reliance that the claim should have been processed in favor of Plaintiffs.

15. Upon information and belief, Defendant has records pertaining to Plaintiff's case including phone records, paper records and recorded phone conversations.

16. Plaintiff was not provided with any notice or explanation for the denial of the claim prior to incurring the services, instead Defendant's correspondence with Plaintiff(s) prior to Charlie's birth only stated that services were APPROVED with Joni Stone, and Defendant failed to comply with the requirements of CGS § 38a-816 for the prompt payment of claims, constituting a breach of contract and a violation of Plaintiff's state common law rights.

17. As a result of Defendant's wrongful denial of the claim, Plaintiff has suffered damages, including the amount of the denied claim, additional costs incurred due to the denial, emotional distress, and other damages as determined by the court.

18. Plaintiff brings this action pursuant to ERISA and the ACA, Connecticut State insurance laws and the common law to recover the benefits due under the Plan, to enforce Plaintiff's rights under the Plan and the ACA, and to seek appropriate equitable and legal relief, including compensatory damages, interest, attorney's fees, and costs.

19. Plaintiffs demand trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

1. An order declaring that Plaintiff is entitled to the benefits for the medical services related to the delivery under the Plan and the ACA;

2. Compensatory damages for the amount of the denied claim, damages for Defendant's unjust enrichment, exemplary damages and any damages awardable by statute, enhanced damages and any additional costs incurred due to the denial, emotional distress, and other damages as determined by the court;

3. Interest on the denied claim and additional costs incurred due to the denial;

4. Attorney's fees and costs incurred in prosecuting this action including time spent going through Defendant's appeals process and lost wages and time spent by Jonathan Winter calling and writing Defendant in connection with the Claims;

5. Such other and further relief as the Court may deem just and proper.

Date: April 25, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　<u>/s/Jonathan A. Winter</u>
　　　　　　　　　　　　　　　　　　Jonathan A. Winter
　　　　　　　　　　　　　　　　　　St. Onge Steward Johnston & Reens LLC
　　　　　　　　　　　　　　　　　　986 Bedford St
　　　　　　　　　　　　　　　　　　Stamford CT 06905
　　　　　　　　　　　　　　　　　　Jwinter@ssjr.com
　　　　　　　　　　　　　　　　　　203-541-4520
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs*